FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RAFAEL CERVANTES,

    Defendant.

No.    2:04-CR-0215-EFS

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY REVOCATION JUDGMENT**

Defendant Rafael Cervantes seeks relief from his 24-month supervised-release revocation sentence on the grounds that 1) his sentence contravenes his plea agreement with the United States in Case No. 1:16-CR-2006-EFS-1 as the Court ordered his supervised-release sentence in this case to be served consecutively, rather than concurrently, to his sentence in Case No. 1:16-CR-2006-EFS-1, and 2) relief is appropriate under 18 U.S.C. §§ 3553 and 3582.[1]

A.    **Plea Agreement**

Defendant argues the United States breached its obligation under the plea agreement in Case No. 1:16-CR-2006-EFS-1 to have Defendant's supervised-release

---

[1] ECF No. 201.

ORDER - 1

imprisonment sentence in this case be served concurrent with the imprisonment sentence imposed in Case No. 1:16-CR-2006-EFS-1. Defendant's argument is not persuasive.

The United States did not breach the plea agreement. Counsel for the United States *did* recommend a concurrent term of imprisonment for the supervised-release imprisonment sentence.[2] The Court, however, after considering the relevant factors,[3] found the U.S. Probation Officer's recommendation for a consecutive supervised-release-imprisonment sentence persuasive. Therefore, the Court ordered Defendant's supervised-release imprisonment sentence in this case to be served consecutive to the imprisonment sentence to be served in Case No. 1:16-CR-2006-EFS-1.[4]

Defendant fails to establish a breach of the plea agreement in Case No. 1:16-CR-2006-EFS-1 that would afford him relief in this case.

**B.    18 U.S.C. § 3553**

Defendant also relies on 18 U.S.C. § 3553(f) for relief from his supervised-release imprisonment sentence. However, this section does not afford Defendant relief.

Section 3553 governs sentencing procedures for a criminal conviction, permitting a sentence less than a statutory minimum term of imprisonment under

---

[2] ECF No. 196 at 9; *see also id.* at 33.

[3] 18 U.S.C. § 3583(e) (citing the relevant 18 U.S.C. § 3553(a) factors).

[4] ECF No. 196 at 9; *see also id.* at 33.

certain circumstances. There was no statutory minimum term of imprisonment at issue in this case's supervised release violation. Rather, when considering what sentence to impose for the supervised-release violation, the Court considered the relevant § 3553(a) factors as directed by 18 U.S.C. § 3583(c).

Accordingly, § 3553(f) did not apply to this supervised-release violation and does not afford Defendant relief.

**C.    18 U.S.C. § 3582**

Section 3582(c) provides that a district court generally "may not modify a term of imprisonment once it is imposed."[5] There are three exceptions to this general rule.[6] Defendant has not shown that any of the exceptions apply.

First, there is no retroactive amendment that has reduced the applicable imprisonment guideline range for this supervised-release violation.[7] Second, the Director of the Bureau of Prisons has not filed a motion seeking compassionate release for Defendant.[8] Moreover, the Court notes that Defendant's age is not in a high risk category for COVID-19 and that the Great Plains Correctional Institute in Hinton, Oklahoma, where Defendant is housed does not have any reported COVID-19 cases.[9] Finally, Defendant has not shown that modification of his

---

[5] 18 U.S.C. § 3582(c).

[6] *See id.*; *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014).

[7] 18 U.S.C. § 3582(c)(2).

[8] *Id.* § 3582(c)(1)(A).

[9] https://www.bop.gov/coronavirus/ (last accessed May 1, 2020).

supervised-release-imprisonment sentence is permitted by another statute or by Federal Rule of Criminal Procedure 35.[10]

**D.    Conclusion**

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion to Modify the Revocation Judgment, **ECF No. 201**, is **DENIED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide a copy to Defendant and counsel for the government.

**DATED** this ___4th___ day of May 2020.


_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge

---

[10] *Id.* § 3582(c)(1)(B).

ORDER - 4